The plaintiff leased a tract of land to one Ruth for the term of one year, to wit, the year 1836; and the lessee, instead of a money rent, agreed to give the lessor one-third of the grain made on (568) the land, if he worked it well; if not, then five hundred bushels of corn. The lessee entered and made a crop on the land. At July Term, 1836, of Buncombe County Court, a judgment was obtained against the lessee, and an execution issued tested of the same term; and in October following, the sheriff levied the same on a filed of corn standing on the demised premises, as the lessee's property, and sold the same, when the defendant's intestate became the purchaser. Before this levy and sale, to wit, in the month of August in the same year, the lessor and lessee had come to an agreement that the lessor should take the corn standing in this field for his rent. The defendant's intestate, after his purchase, entered into the field, gathered the corn and carried away two-thirds of it, for which the plaintiff brought this action.
His Honor charged the jury, first, that when the rent was reserved in kind, or in a part of the crop, the law gave the landlord a lien upon the crop in preference to all other creditors. Secondly, that the allotment to the plaintiff of the corn in this particular field, if done bona fide, was valid, and vested the title to the same in the plaintiff, the lessor, notwithstanding the teste of the execution was before the said agreement. There was a verdict and judgment for the plaintiff, and the defendant appealed.
As to the first branch of the judge's charge, we must confess that we are unacquainted with any law of this State which gives to the landlord a lien on the crop of his tenant where the rent, instead of money, is agreed by the parties to be paid in kind or in a part of the crop. The lessor, whether such an agreement is contained in or is out of the lease, stands upon no better footing than the other creditors of the lessee; he has no lien or any other particular privileges that we are aware of. The English law of distress and sale for rent by the landlord has never been in use and practice in this State. Such an agreement is but a chose in action. Secondly, we are of the opinion that Ruth, by virtue (569) of the lease to him, had an estate in possession in severalty during the term, and the plaintiff had the reversion. The crop growing or standing on the land was entirely the lessee's property at the teste of the execution. This case is not like that of S. v. Jones, 2 Dev. Bat., 360. In that case, the owner of the land had never made a lease, and *Page 448 
the entire property in the staves was in the owner of the land on which grew the timber out of which the staves were made. Here there was a lease, and the term and the entire crop on the land was in the lessee. The plaintiff's claim, either for the one-third of the grain which should be made on the land, or the corn standing in the particular field, rested only in agreement or contract. There being no partition or separation of any portion to the plaintiff out of the general mass of the crop before theteste of the execution, the whole crop belonged in law to the lessee at that period, and the execution bound the property in the hands of Ruth, and all others claiming under him, from the teste. Den on dem. of Stamps v.Irwin, 2 Hawks, 232; Gilkey v. Dickerson, 2 Hawks, 341; Bickerdike v.Arnold, 3 Hawks, 296. The plaintiff claims under Ruth, by an agreement made after the teste of the execution. The plaintiff, although the landlord, was bound by the execution against his tenant.
We are of the opinion that the judge erred in his charge to the jury on both points raised in the cause.
The judgment must be set aside and a new trial granted.
PER CURIAM. Judgment reversed.
Cited: Ross v. Swaringer, 31 N.C. 483; Biggs v. Ferrell, 34 N.C. 3;Harrison v. Ricks, 71 N.C. 11; Haywood v. Rogers, 73 N.C. 321; Howlandv. Forlaw, 108 N.C. 569.
Dist.: Gordon v. Armstrong, 27 N.C. 410; Kornegay v. Collier, 65 N.C. 72.
NOTE. — This is otherwise now by statute, The Code, sec. 1754.
(570)