In the fall of 1845 the intestate of the plaintiff and the defendant agreed as follows: The defendant leased to the intestate a tract of land for the year 1846, and was to find two horses and food for them. He was also to supply the intestate with provisions for himself and family during crop time. The intestate agreed that the whole crop should be the property of the defendant — one-half he was to keep for the rent of the land and the use of the horses; the other half he was to keep until he was paid for the provisions and an old judgment, and (482) deliver to the intestate what was left.
The intestate entered and made a crop of corn, but died in the fall before it was gathered. The plaintiff, who was the widow of the intestate, gathered the crop. The defendant, although forbid by the plaintiff, took off most of the corn. The plaintiff then administered, and brought this action.
The court charged "that the crop belonged to the intestate, as incident to his lease, and although, at the time of the lease, in consideration of the lease and the horses and provisions which were to be furnished, and the old judgment, the intestate agreed *Page 336 
that the whole crop should be the property of the defendant, still the title to the crop did not pass. The crop was a thing not in esse, and the contract was not executed and could not be, from the nature of the subject-matter. It was executory — gave a right of action for a breach, but did not confer a right to take the corn against the will of the owner."
There was a verdict for the plaintiff, and from the judgment thereon the defendant appealed.
It is not necessary to decide the broad question upon which the case is put in the court below, about which there is some diversity of opinion; for the case is clearly with the plaintiff, and the conclusion to which the court below arrived, that the contract was executory, and not executed, is sustained upon special grounds, which do not involve the general question.
First. The contract on the part of the defendant was executory as to furnishing the two horses and food and the provisions during crop time.
(483) Second. The contract on the part of the intestate, as to the payment of the rent, was executory from the very nature of rent. For, in speaking of rents, Lord Coke says: "The lessor cannot reserve parcel of the annual profits, as the vesture of herbage of the land, or the like; for that would be repugnant to the grant. Co. Lit., 142." It would be an exception
of a part of the thing already granted and inconsistent with the grant. Therefore, such contracts as the present are necessarily construed neither as exceptions nor reservations, but as covenants or agreements of the lessee to give, as rent, as many bushels of corn as the half of the crop may amount to, or deliver,as rent, the one-half of the corn that may be made on the land. It is simply a payment of rent, agreed to be made in corn, instead of money; but it does not change the property in the crop, while growing or when gathered, until it is delivered to the lessor. Deaver v. Rice, 20 N.C. 567. It is like the case of an overseer whose wages are to be paid in a share of the crop. He has no right to the thing itself. The property is in the employer until a division and delivery.
It is clear, for these reasons, that the contract, as to the rent, is executory, and being entire, and executory as to a part, it is necessarily so as to the whole.
I think the judgment below should be affirmed. *Page 337