This is an action of trover to recover damages for the conversion of a quantity of corn. The case is: The defendant by parol leased to the plaintiff for one year a parcel of land. It was agreed the defendant should furnish two horses to work in the crop, and their necessary food; and the defendant, for the rent, was to let him have one-half of the corn raised and to pay him, out of the residue, claims which he (the defendant) had against him. After the crop was raised and housed the defendant, against the will of the plaintiff, hauled it (484) away, or the largest portion of it.
His Honor instructed the jury "that if the intestate had leased the land for a year the crop belonged to him as an incident of his lease." We do not deem it necessary to notice the subsequent part of the charge in connection with this part; because we believe that, whether the reason given was or was not correct, the judgment must be affirmed. Deaver v. Rice, 20 N.C. 567, is decisive of the question. It was there decided that where, in a lease either by parol or in writing, the rent is reserved to be paid in kind or in a part of the crop, the lessor has no lien on the crop, when raised, and, until a portion be set aside and apart to the lessor, the whole belongs to the lessee. In this case the title to the crop of corn was in the intestate, and "the defendant" (in the language of the court) "has no right to take the corn against the will of the owner." His so taking it was a conversion and gave the plaintiff a right to maintain the action. If, after the crop was made, the lessee had refused to allot to the defendant his share, the latter could have maintained an action on the case for the violation of the contract.
In the course of the investigation of the case in this Court it was urged that the contract between the parties, as it respected the corn, was for an interest in the land, and, therefore, void under the statute of frauds. Rev. St., ch. 50, sec. 8. We do not think so. The agreement on the part of the defendant to receive his rent in a part of the crop did not constitute an agreement on his part for any interest in the land during the lease, and if, by any casualty, no crop was raised, he could have derived no benefit from his contract. This principle is decided in Evans v. Roberts, 5 Bar. and Cr., 829. There the question was whether the verbal sale of a then growing crop of potatoes was a contract or sale of land, or any interest in or concerning them, within section 4 of the statute 29 Charles (485) II. The court says it is not, but that it is a contract for the sale and delivery of things which at the time of delivery would be goods and chattels. That was a much stronger case *Page 338 
than this. The lease in this case was for one year, and although by parol, was good and valid. The rent being reserved in kind, that is, a part of the crop, the title to the whole crop, when made, was in the intestate Ross. It was contended by the defendant that under the contract he was entitled to one-half of the crop raised to pay his claims, as it was mortgaged to him for that purpose. The answer is that the property, the corn, was not in such a situation that it could be mortgaged. The plaintiff was entitled to maintain her action.
PER CURIAM. Judgment affirmed.
Cited: Hatchell v. Kimbrough, 49 N.C. 164; Warbritton v. Savage, ib., 384; Harrison v. Ricks, 71 N.C. 11; Howland v. Forlaw, 108 N.C. 569.